John MORRISON

v.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON; the PNC Financial Services Group and Affiliates Long Term Disability Plan

The PNC Financial Services Group and Affiliates Long Term Disability Plan, Appellant

No. 15–2095

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) September 13, 2016

Dated: October 3, 2016

Thomas J. Hagner, Esq., Hagner & Zohlman, Cherry Hill, NJ, for Plaintiff–Appellee.

Aimee S. Lin, Esq., Locke Lord, Morristown, NJ, for Defendants–Appellant.

Sarah B. Fask, Esq., Littler Mendelson, Philadelphia, PA, for Defendant–Appellant PNC Financial Services Group Inc Long Term Disability Plan.

Before: CHAGARES, GREENAWAY, JR., and RESTREPO, Circuit Judges

JUDGMENT ORDER

Joseph A. Greenaway, Jr., Circuit Judge

The motion to dismiss is granted since the District Court's order remanding this matter is not a final order. As we have stated in Stevens v. Santander Holdings, Inc., 799 F.3d 290, 300 (3d Cir. 2015), "this Court generally will consider remands to ERISA plan administrators nonfinal because, in the ordinary case, they contemplate that the plan administrator will engage in further proceedings." Further, a remand order generally "include[es] a reservation of the court's jurisdiction over the case so that, after a determination by the administrator on remand, either party may seek to reopen the district court proceedings and obtain a final judgment." Id. Nothing in the District Court's order remanding this matter and directing the plan administrator to reevaluate whether Morrison is disabled provides any reason to vary from our general practice.

The request for attorney's fees is denied, since we do not find that, by filing the notice of appeal, Appellant's counsel "multiplie[d] the proceeding in [this] case unreasonably or vexatiously." 28 U.S.C. § 1927. We note that the notice of appeal was filed before our decision in Stevens was issued, and Appellant's opposition to the motion to dismiss falls within the bounds of zealous advocacy expected of counsel. Nonetheless, costs shall be taxed against Appellant.